WINNEPESAUKEE CAMP-MEETING ASSOCIATION *v.* GORDON.

A camp-meeting association being authorized by its charter to make all by-laws and regulations necessary to carry out its purposes, and to hold and convey real estate, and having conveyed a lot subject to its charter and to its rules and regulations, one of which provided for alterations or amendments, the grantee holds subject to reasonable rules and regulations subsequently adopted.

The right of a grantee of land on the shore of a lake to build a wharf and erect a building thereon is appurtenant to his land and subject to the restrictions contained in his deed thereof.

The doings of a corporation not recorded, nor by law required to be recorded, may be proved by parol.

BILL IN EQUITY, praying that the defendant may be enjoined against erecting and maintaining a public restaurant or boarding-house within the limits of the plaintiffs' grounds. Facts agreed.

August 23, 1878, the plaintiffs conveyed to Henry S. George a lot of land situated on their camp-ground, "to have and to hold said premises, with all the privileges and appurtenances to the same belonging, to said grantee, his heirs and assigns; subject, however, to the act of incorporation and the rules and regulations of said Camp-Meeting Association," a copy of which was printed on the deed. Among other rules were the following: (8) "No portion of these grounds shall be used for any purpose foreign to the objects of this association as set forth in the act of incorporation." (9) "These by-laws or regulations may be altered or amended by a two-thirds vote at any regular meeting of the association." The defendant has George's title to the lot, which is situated on the shore of Winnepesaukee lake. Adjacent to the lot, and beyond low water mark, the defendant has driven piles, and is preparing to erect thereon a building to be kept as a public restaurant or boarding-house.

The plaintiffs offer to show by oral testimony that in 1880, and before George's conveyance to the defendant, their eighth rule or regulation was duly amended so as to read as follows: "No portion of these grounds shall be used for any purpose foreign to the objects of this association as set forth in the act of incorporation; nor for the erection or use of buildings for stores, boarding-houses, hotels, or stables, without the consent of the association," and that this modification of the rules was known by the defendant when he took his title. No record of this alteration of the plaintiffs' rules appears on their books.

*Samuel C. Eastman*, for the plaintiffs.

*E. A & C. B. Hibbard*, for the defendant.

CARPENTER, J. The defendant claims under the deed to George, and is bound by its provisions. The plaintiffs were incorporated "for the purpose of promoting earnest Christianity, and the maintenance of an annual camp-meeting, . . . under the auspices of the Methodist Episcopal church, and for such other religious, moral, charitable, and benevolent purposes as said corporation may from time to time designate." They were authorized to "establish all by-laws and regulations which may be necessary to carry out the purposes" of the corporation, and for the same purposes to purchase and hold real and personal estate not exceeding in value $20,000, and to "improve, use, sell, and convey, or otherwise dispose of the same at pleasure." Laws 1874, *c.* 161.

Authority to determine and control the uses to which the land and buildings within their grounds may be put is essential to enable the plaintiffs to accomplish the purposes for which they were chartered. The conveyance to George was made subject to the plaintiffs' charter and to their rules and regulations, in order to secure to them the power to prevent uses of the property inconsistent with the purposes of the association. As all such uses might not be foreseen, one of the rules provided that their regulations might be "altered or amended by a two-thirds vote at any regular meeting of the association." This limitation of the grantee's dominion over the land conveyed is as obligatory as any other. By accepting the deed, George bound himself, his heirs and assigns, to hold the property subject to the plaintiffs' subsisting regulations, and to such reasonable alterations or amendments of them as might be made by a two-thirds vote of the association at any regular meeting. *Burbank* v. *Pillsbury*, 48 N. H. 475–477, and cases cited.

The right to erect a wharf or building in the lake, as against everybody except the state, passed as an appurtenance of the land conveyed, and subject to the same restrictions. *Concord Mfg. Co.* v. *Robertson*, 66 N. H. 1, 18–20.

The statute makes it the duty of the clerk to record the votes and proceedings of a corporation so far only "as required by the charter or by-laws." G. L., *c.* 147, *s.* 9. Neither the plaintiffs' charter, nor, so far as appears, their by-laws, require their regulations or the vote adopting them to be recorded. The doings of a corporation not recorded, and not by law required to be recorded, may be shown by parol in the same manner as the acts of an individual. *Concord* v. *Bank*, 16 N. H. 26, 29; *Edgerly* v. *Emerson*, 23 N. H. 555; *Moss* v. *Averell*, 10 N. Y. 449; *Handley* v. *Stutz*, 139 U. S. 417.

*Case discharged.*

CLARK, J., did not sit: the others concurred.